IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE OLIVAR,

        Plaintiff,                   No. CIV S-09-0091 JAM DAD PS

    vs.

JOHN E. POTTER, Postmaster
General, USPS, et al.,             FINDINGS AND RECOMMENDATIONS

        Defendants.
                            /

        Plaintiff, a Sacramento County resident proceeding pro se, commenced this action in the United States District Court for the Eastern District of New York on December 11, 2008. Plaintiff's in forma pauperis application was granted on December 29, 2008, and the Clerk issued a summons for defendants Potter and "Eli Lilly Pharm Company Business" on January 7, 2009. By order filed January 12, 2009, the action was transferred to the United States District Court for the Eastern District of California. The case has been referred to the undersigned pursuant to Local Rule 72-302(c)(21) for all purposes encompassed by that rule.

        Before the court is a return of service unexecuted for the Eli Lilly defendant. This return was submitted to the Eastern District of New York and forwarded to this court. The return reflects attempted service by the United States Marshal at a West Sacramento, California address. The documents were returned as undeliverable because the defendant is "not at this address."

1

The Federal Rules of Civil Procedure contain a time limit for service of process.

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the 120-day period for service of plaintiff's complaint, which was filed on December 11, 2008, expired on April 10, 2009. On March 6, 2009, the United States Marshal filed a return of service unexecuted for defendant Eli Lilly. The record does not reflect that plaintiff has taken any steps to effect service on this defendant since the filing of the Marshal's return of service unexecuted, and plaintiff has made no showing of good cause to extend the time to effect service.

A review of plaintiff's complaint reveals that it does not state any claim against defendant Eli Lilly Pharmaceutical Company. This is an employment discrimination case brought under Title VII and the Americans With Disabilities Act. (Compl. at 1.) Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343. (Id. at 2.) Plaintiff alleges discriminatory termination, retaliation, physical attacks, and collusion based on his race, color, and mental disability. (Id. at 3.) The first-named defendant is plaintiff's employer. The complaint contains only the following scattered references to Eli Lilly:

> Employee Assistance Program (Department of Health) EAP advises me to seek more psych treatment. Psychiatrist prescribes EliLilly's [sic] ZYPREXA MDL1596.
> . . . .
> OWCP denies Workers' Compensation as my weight and 'numbers' escalate due to Zyprexa. The Department of Health visits me while in intensive care during my hospital stay February 1 - 18, 2003, for acute pancreatitis, to question my ZYPREXA use.
> . . . .
> On November 16, 2008 Manager Wong attacked my stomach at Bel Air Supermarket. Manager Wong was attempting to aggravate my Zyprexa induced surgeries.
> . . . .

> I am entitled to have my day in court although I do not want a trial by jury I ask that a lawyer be assigned or that the MDL 1596 attorney continue to negotiate with Eli Lilly. Gillin, Ellis, Jacobson and Larson Law Firm are my representatives in the MDL 1596.

(Id. at 4, 8, 10.)

It appears that plaintiff has improperly joined Eli Lilly as a defendant in his employment discrimination case. See Fed. R. Civ. P. 20(a)(2) (persons may be joined in an action if a right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and a question of law or fact common to all defendants will arise in the action).

Accordingly, IT IS HEREBY RECOMMENDED that defendant "Eli Lilly Pharm Company Business" be dismissed from this action without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 20(a)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, plaintiff may file objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\olivar0091.f&r.4m