IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE OLIVAR,

       Plaintiff,                            No. CIV S-09-0091 JAM DAD PS

    vs.

JOHN E. POTTER, Postmaster
General, USPS, et al.,                     ORDER

       Defendants.
                                 /

        Plaintiff is proceeding pro se and in forma pauperis with an employment discrimination case. Before the court is a filing titled "Objection to Status Pretrial Scheduling Order," in which plaintiff addresses several topics and concludes with a request for "home access to pacer, free of charge" and a free copy of a transcript of the status conference that was held on September 11, 2009. Plaintiff has also filed a letter concerning a former co-worker whose projected release from incarceration is apparently imminent.

        The undersigned finds that two of plaintiff's objections have merit. First, plaintiff objects that the court should not have singled out 42 U.S.C. § 2000e (Title VII) as the basis for the court's jurisdiction over his claims. Plaintiff's complaint reflects that he brought this action pursuant to Title VII and the Americans With Disabilities Act (ADA). The scheduling order will be amended to indicate that jurisdiction over plaintiff's claims appears to be predicated on both

1

42 U.S.C. § 2000e (Title VII) and 42 U.S.C. §§ 12112 - 12117 (ADA). The undersigned declines to find that jurisdiction over plaintiff's claims is predicated on any ground not alleged in plaintiff's complaint filed in the United States District Court for the Eastern District of New York on December 11, 2008, and transferred to this court on January 12, 2009.

Second, plaintiff states that he does not want a trial by jury. A review of the parties' pleadings and other filings reveals that neither plaintiff nor defendant has demanded a jury trial. The scheduling order will be amended to indicate that the trial set for February 14, 2011, will be a bench trial rather than a jury trial.

The remainder of plaintiff's objections to the scheduling order lack merit and are overruled. Plaintiff's requests for free access to PACER service[1] on the internet and a free transcript of the September 11, 2009 status conference must be denied. Although plaintiff was granted leave to proceed in forma pauperis in this case, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). The expenditure of public funds for PACER access and transcripts of status conferences is not authorized by the in forma pauperis statute or any other statute. See 28 U.S.C. § 1915.

Plaintiff's letter opposing the release of his former co-worker will be disregarded because the custody of the former co-worker is not within the scope of this action.

Accordingly, IT IS ORDERED that:

1. Plaintiff's September 23, 2009 objections (Doc. No. 32) to the court's Status (Pretrial Scheduling) Order are, to the extent that the objections are meritorious, reflected in the Amended Status (Pretrial Scheduling) Order filed concurrently with this order, and are otherwise overruled;

---

[1] Federal courts may provide case information on the Internet through a system called PACER (Public Access to Court Electronic Records). The system is supported by the PACER Service Center, which assesses an access fee of $.08 per page. A login and password issued by the PACER Service Center is required for access to PACER.

2.  Plaintiff's September 23, 2009 requests for free PACER access and a free transcript of the Status (Pretrial Scheduling) Conference are denied; and

3.  Plaintiff's October 6, 2009 letter (Doc. No. 33) will be disregarded.

DATED: October 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\olivar0091.ord.objschedo